CV 14

1590

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

SHATISHA BOATWRIGHT

Plaintiff

v.

WEINSTEIN, Civil Case No.

COMPLAINT

REYES, M.J

Under the Civil Rights Act
42 U.S.C. § 1983

THE CITY OF NEW YORK
NYC POLICE DETECTIVE RYAN LANE SHIELD # 05069
(Individually and in an official capacity)
NYC POLICE OFFICER JOHN DOE (fictitious name),
(Individually and in an official capacity)

Defendants

-----------------------------------------------------------------

1. Now comes the Plaintiff, Shatisha Boatwright, by and through her attorney, Lawrence P.

LaBrew, Esq., of the Law Office of Lawrence LaBrew, and complaining against Defendant New

York City Police Officer Ryan Lane, Shield # 05069 (in an individual capacity and in an official

capacity), Defendant New York City Police Officer John Doe (fictitious name) (in an individual

capacity and in an official capacity), and The City of New York, and alleges as follows:

JURISDICTION AND VENUE

2. This action arises under the Constitution of the United States, particularly the Fourth and

Fourteenth Amendments to the Constitution of the United States, the Due Process Clause of the

United States Constitution, and under the laws of the United States, particularly the Civil Rights

Act, Title 42 U.S.C. §§ 1983 and 1988.

3. This Court has jurisdiction of this cause of action under Title 28 of the United States Code §§

1331 and 1343 (28 U.S.C.A. §§ 1331 and 1343).

4. Venue is placed in this District because this is where the events complained of occurred, and

the City of New York is located in this District.

## DEMAND FOR A TRIAL BY JURY

5. The Plaintiff demands trial by Jury on all counts in this complaint pursuant to Seventh Amendment to the United States Constitution, and pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PARTIES

6. Plaintiff Shatisha Boatwright is a citizen of the United States residing in Kings County, New York City, in the United States of America.

7. Defendant New York City Police Detective Ryan Lane, Shield # 05069 is a police officer who, at the time of the incident, was working with New York City Police Department Brooklyn South Narcotics Unit. Defendant New York City Police Detective Ryan Lane is being sued individually and in an official capacity.

8. Defendant New York City Police Officer John Doe (fictitious name) is a police officer who, at the time of the incident, was working with New York City Police Department Brooklyn South Narcotics Unit. Defendant New York City Police Detective John Doe is being sued individually and in an official capacity.

9. The City of New York is a municipal corporation and governmental subdivision of the State of New York.

10. Each of the acts of the Defendants alleged in this complaint were done by the Defendants under the color and pretense of the statutes, ordinances, regulations, customs, and usages of the State of New York, the City of New York, and the County of New York, and under the authority of their office as a police officer for such New York City.

FACTS

11. On or about 11 March 2010, at about 6:10 in the morning, Defendant New York City Police
Officers were executing a search warrant at 1570 E. 102nd Street, Apartment 6G, in Brooklyn New
York. The Police were inside of apartment 6G, and they were also standing in the hallway outside
of apartment 6G. Plaintiff. The building at 1570 E. 102nd Street, in Brooklyn New York, is a multi
unit apartment building.

12. Plaintiff Shatisha Boatwright was not a target of the search warrant, and Plaintiff does not live
at 1570 E. 102nd Street, Apartment 6G, in Brooklyn New York. Plaintiff Shatisha Boatwright had
permission and authority to be inside of the building at 1570 E. 102nd Street, in Brooklyn New
York on 11 March 2010.

13. At about 6:30 in the morning, on 11 March 2010, Plaintiff Shatisha Boatwright was walking
down the hallway on the sixth (6) floor of 1570 E. 102nd Street, in Brooklyn New York. Defendant
New York City Police Officers arrested Plaintiff Boatwright while she was in the hallway on the
sixth floor of 1570 E. 102nd Street, in Brooklyn New York

14. Upon information and belief, that being the Plaintiff, the Plaintiff was put in a police vehicle
and transported to police station.

15. The Plaintiff was searched, fingerprinted, photographed, pending arraignment at the Criminal
Court of the City of New York.

16. On 12 March 2010, Plaintiff was arraigned on a felony complaint charging her with the felony
and misdemeanor criminal offenses. The Plaintiff was released on her own recognizance, and
ordered to return to court on 16 March 2010.

17. On 16 March 2010 the case against the Plaintiff was dismissed – on the merits – and sealed.

18. Plaintiff states that Defendant Police Officers were improperly trained in that they arrested an innocent individual, the Plaintiff, without probable cause.

COUNT ONE: FALSE ARREST

19. Plaintiff re-alleges paragraphs 1 through 18 as though set forth in full here.

20. The Plaintiff states that she was illegally seized, searched, and arrested in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant New York City Police Officers on 11 March 2010.

21. The Plaintiff states that the Defendant did not have probable cause, or arguable probable cause, to arrest the Plaintiff because on 11 March 2010 because Plaintiff had permission to be in the building at 1570 E. 102nd Street, in Brooklyn New York, Plaintiff was committing no crime or criminal offense – or any other violation of any law – Plaintiff was not the target of the search warrant, and Plaintiff was not inside of the apartment where the search warrant was being executed. Also, Defendant Police Officers did not have an arrest warrant to arrest the Plaintiff on or about 11 March 2010.

22. Plaintiff states that she was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

23. Plaintiff states that the intentional conduct of the Defendant Police Officer "shocks the conscience", and that the Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

24. As a direct and proximate result of the wrongful conduct of the Defendant Police Officer as alleged above, Plaintiff suffered mental anguish, loss of earnings, loss of capacity for the enjoyment of life, loss of liberty, injury to the Plaintiff's reputation and good name.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT TWO: FALSE IMPRISONMENT

Plaintiff re-alleges paragraphs 1 through 24 as though set forth in full here.

25. The Plaintiff states that she was falsely imprisoned in violation of the Fourth, and Fourteenth, Amendments to the United States Constitution when she was arrested by Defendant Police Officers on 11 March 2010.

26. The Plaintiff states that the Defendant did not have probable cause, or arguable probable cause, to arrest the Plaintiff because on 11 March 2010 Plaintiff had not, and was not, committing any crime or criminal offense.

27. Defendant Police Officers also did not have an arrest warrant to arrest the Plaintiff on or about 11 March 2010.

28. Plaintiff states that she was intentionally confined without his consent, and that the arrest and imprisonment of the Plaintiff was not privileged or justified.

29. Plaintiff states that the intentional conduct of the Defendant Police Officers "shocks the conscience", and that the Plaintiff was seized, falsely arrested, and falsely imprisoned in violation of the Fourth Amendment to the United States Constitution.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

### COUNT THREE: SUBSTANTIVE DUE PROCESS VIOLATION FOR RECKLESS INVESTIGATION

30. Plaintiff re-alleges paragraphs 1 through 29 as though set forth in full here.

31. Plaintiff states that the Defendant New York City Police Officers denied the Plaintiff substantive due process, and that the intentional conduct of the Defendant New York City Police Officers "shocks the conscience".

32. The Plaintiff states that Defendant New York City Police Officers conducted a reckless investigation in that the Defendants never had a legitimate basis for arresting the Plaintiff.

33. Plaintiff states that Defendant Police Officers' investigation did not adhere to clearly

established New York City Police Department protocol regarding pre-arrest investigations where a police officer does not have an arrest warrant.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

## COUNT FOUR: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICERS

34. Plaintiff re-alleges paragraphs 1 through 33 as though set forth in full here.

35. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officers.

36. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter situations where they are executing a search warrant in an apartment and there are innocent people present in the apartment building that have nothing to do with a given unit in an apartment building that is the target of a search warrant.

established New York City Police Department protocol regarding pre-arrest investigations where a police officer does not have an arrest warrant.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FOUR: THE CITY OF NEW YORK PROVIDED INADEQUATE TRAINING AND INADEQUATE SUPERVISION TO DEFENDANT POLICE OFFICER INOA

34. Plaintiff re-alleges paragraphs 1 through 33 as though set forth in full here.

35. Plaintiff states that the City of New York was deliberately indifferent, and failed to properly train or supervise the Defendant New York City Police Officers.

36. Plaintiff states that the City of New York knows to a moral certainty that New York City Police Officers will encounter situations where they are executing a search warrant in an apartment and there are innocent people present in the apartment building that have nothing to do with a given unit in an apartment building that is the target of a search warrant.

37. Plaintiff states that proper training or supervision would have enabled Defendant New York City Police Officers to understand when they have probable cause to make an arrest.

**WHEREFORE,** Plaintiff respectfully requests judgment against the Defendants as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

COUNT FIVE: FOURTH AMENDMENT MALICIOUS PROSECUTION CLAIM

38. Plaintiff re-alleges paragraphs 1 through 37 as though set forth in full here.

39. The Plaintiff states that she was malicious prosecuted within the purview of the Fourth Amendment of the United States Constitution.

40. The Plaintiff states that she was deprived of her liberty on 11 March 2010 when she was arrested and seized without probable cause, and that said arrest and seizure was unreasonable because the Plaintiff had committed no crime or criminal offense, and no individual had stated to any police officer that the Plaintiff had committed any crime.

41. The Plaintiff states that she was arraigned and forced to come to Court on every court date regarding the afore-mentioned arrest, until 16 March 2011 when the case was dismissed and

sealed.

42. The Plaintiff states that there was no evidence to show that the Plaintiff had committed any crime when she was arrested by Defendant Police Officers on 11 March 2010.

**WHEREFORE,** Plaintiff respectfully requests judgment against Defendant Police Officer as follows:

A. That Plaintiff be awarded compensatory damages in the amount of five (500,000.00) hundred thousand dollars, together with interest at the legal rate from the date of judgment paid;

B. That Plaintiff be awarded punitive damages in the amount of five (500,000.00) hundred thousand dollars as will sufficiently punish Defendant Police Officers for Defendants' willful and malicious conduct and that said award of punitive damages will serve as an example to prevent a repetition of such conduct in the future;

C. That Plaintiff be awarded costs of this litigation to be paid by the Defendants; and

D. That Plaintiff be awarded reasonable attorney's fees incurred in connection with the prosecution of this action to be paid by the Defendants.

Lawrence P. LaBrew (LL4455)
Attorney & Counselor-at-Law
Law Office of Lawrence LaBrew
Attorney for Plaintiff Shatisha Boatwright
160 Broadway Suite 600 6th Floor
New York, New York 10038
Tel (212) 385-7500

Date:   10 March 2014
        New York, New York